NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD D. MONTGOMERY,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2014-3196

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-14-0098-I-1.

---

Decided: March 9, 2015

---

RICHARD D. MONTGOMERY, Seagoville, TX, pro se.

KATHERINE MICHELLE SMITH, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before WALLACH and HUGHES, *Circuit Judges*, and FOGEL *District Judge*.[*]

PER CURIAM.

Petitioner Richard Montgomery appeals the decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. *Montgomery v. Dep't of the Air Force*, No. DA-0752-14-0098-I-1 (M.S.P.B. Feb. 10, 2014 ("Initial Decision"), Final Order, July 8, 2014). For the reasons set forth below, this court affirms.

## BACKGROUND

Mr. Montgomery was an employee with the Department of the Air Force ("agency") as an Aircraft Sheetmetal worker. When Mr. Montgomery failed to appear for work, the agency wrote him an undated letter, advising him that his absence since June 15, 2007, was unauthorized and he would be carried into Absent Without Leave ("AWOL") status. The letter acknowledged Mr. Montgomery had been arrested and held without bond on June 15, 2007, and notified him that if he was not available to work within ten days of the receipt of the letter, "action w[ould] be taken to propose [him] removal from Air Force employment." Resp't's App. 23.

On June 28, 2007, Mr. Montgomery sent a letter to the agency stating he was "unable to return to work at the present time or in the foreseeable future" and due to the need of the Air Force to have a full-time employee, he "resign[ed his] position effective this date." *Id.* at 24. Mr. Montgomery notified the agency that if it had any issue processing his resignation it should contact his attorney.

---

[*]    Honorable Jeremy Fogel, District Judge, United States District Court for the Northern District of California, and Director of the Federal Judicial Center, sitting by designation.

When the agency processed his personnel action, the "[r]eason for resignation" was listed as "[p]ersonal [r]easons." *Id.* at 29.

On November 26, 2013, Mr. Montgomery filed an appeal with the Board, alleging the agency coerced his resignation by threatening to remove him and failing to offer him retirement counseling. The Administrative Judge ("AJ") issued an order stating resignations are assumed to be voluntary and the Board therefore lacked jurisdiction. The AJ informed Mr. Montgomery it was his burden to prove jurisdiction by preponderant evidence, and ordered him to submit evidence demonstrating his resignation had been the result of coercion. Mr. Montgomery filed two responses, and stated that at the time of his arrest he "had sufficient sick leave and annual leave which, if credited, would have allowed him to retire with the requisite thirty years government service." *Id.* at 32. Mr. Montgomery also alleged the agency failed to meet its obligation to offer retirement seminars for eligible employees and "thus pressur[ed] [him] to either resign or be terminated without ever advising him that he had a third . . . option[,] that of retirement with all [of] its attendant benefits." *Id.* at 33.

On February 10, 2014, the AJ found Mr. Montgomery failed to make a nonfrivolous allegation that his resignation was involuntary and dismissed his appeal for lack of jurisdiction. Mr. Montgomery filed a petition for review but the Board denied the petition and affirmed the AJ's decision. Mr. Montgomery appeals and this court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(9) (2012).

DISCUSSION

I. Standard of Review

This court's "scope of . . . review of [B]oard decisions is limited to whether they are (1) arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995) (citing 5 U.S.C. § 7703(c) (1988)). The issue of Board jurisdiction is a question of law this court reviews de novo. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). This court is bound by the Board's jurisdictional factual findings "unless those findings are not supported by substantial evidence." *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

## II. Legal Framework

Mr. Montgomery bears the burden of demonstrating Board jurisdiction by a preponderance of evidence. *Fields v. Dep't of Justice*, 452 F.3d 1297, 1302 (Fed. Cir. 2006); 5 C.F.R. § 1201.56(a)(2)(i) (2013). The Board's jurisdiction is "strictly defined and confined by statute and regulation" to appeals of decisions involving "adverse actions." *Bolton*, 154 F.3d at 1316 (internal citation omitted). Such actions consist of: (1) removals; (2) suspensions for more than fourteen days; (3) reductions in grade; (4) reductions in pay; and (5) furloughs of thirty days or less. 5 U.S.C. § 7512(1)–(5) (2012).

## III. Mr. Montgomery Has Not Met His Burden to Demonstrate Board Jurisdiction

"Resignations are presumed voluntary, and the burden of showing the resignation was involuntary is on the petitioner." *Terban v. Dep't of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000) (citing *Cruz v. Dep't of Navy*, 934 F.2d 1240, 1244 (Fed. Cir. 1991)). "The two principal grounds on which employees have sought to show that their resignations or retirements were involuntary are (1) that the resignation or retirement was the product of misinformation or deception by the agency, and (2) that the resignation or retirement was the product of coercion

by the agency." *Conforto v. Merit Sys. Prot. Bd.*, 713 F.3d 1111, 1121 (Fed. Cir. 2013) (internal citation omitted). "The touchstone of the 'voluntariness' analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of freedom of choice." *Vitale v. Dep't of Veterans Affairs*, 107 M.S.P.R. 501, 509–10 (2007).

Mr. Montgomery contends "the [Board] should have considered the discriminatory failure of his superiors to advise him prior to resignation of resignation alternatives such as retirement." Pet'r's Br. 1. Though he argued to the Board he was pressured to resign or be terminated, nothing in the record suggests this is true. The letter from the agency notified Mr. Montgomery his removal would be proposed if he did not appear at work within ten days, it had no reference to any resignation. Indeed, the cautionary letter did not state that the agency was removing him nor did it actually propose his removal. His response was an unsolicited letter of resignation and an additional notice to contact his attorney if more information was needed. "It is well established that the fact that an employee is faced with the unpleasant choice of either resigning or opposing a potential adverse action does not rebut the presumed voluntariness of his ultimate choice." *Schultz v. U.S. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987).

Mr. Montgomery also contends the Board "failed to adequately consider the fact that Petitioner was discriminated against due to his then pending charge." Pet'r's Br. 1. Mr. Montgomery did not raise any argument related to his pending criminal charge before the AJ or the Board, and it was therefore not considered. In any event, Mr. Montgomery provides no support for this contention, and he is therefore unable to show he was discriminated against.

Finally, Mr. Montgomery argues the Board "incorrectly based [its] decision on [the] erroneous belief that counsel rendered effective, or indeed any representation." Pet'r's Br. at 2.  The Board noted Mr. Montgomery was represented by counsel in his criminal proceeding "who could have researched and/or inquired whether retirement was an option." Initial Decision, at 5.  This was not the primary ground for the Board's determination that Mr. Montgomery's resignation was not coerced or based on a misrepresentation; it was an observation that reinforced the Board's conclusion.

CONCLUSION

In light of the foregoing, the Board's determination that Mr. Montgomery's resignation was voluntary is

**AFFIRMED**

COSTS

No Costs.